**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**GARY MORRISON,**
**Individually and on behalf of all**
**similarly situated insureds,**

      **Plaintiff,**

           **v.**

**INDIAN HARBOR INSURANCE COMPANY,**
**NEPTUNE FLOOD INCORPORATED,**
**PENINSULA INSURANCE BUREAU, INC., and**
**SHERRI WYNTER.**

      **Defendants.**

**Civil Action No. 3:23-cv-00451**
**Honorable:**

## COMPLAINT

**COMES NOW** the Plaintiff Gary Morrison, individually and on behalf of all similarly situated insureds, who for his *Complaint* against Defendants, Indian Harbor Insurance Company ("Indian Harbor"), Neptune Flood Incorporated ("Neptune"), and Peninsula Insurance Bureau, Inc. ("Peninsula"), states as follows:

### Common Allegations

1.    The Plaintiff Gary Morrison is a resident of 6294 County Rd 1, South Point, Ohio, and is the owner of a home located at 1448 Washington Blvd, Huntington, West Virginia (the "Property").

2.    Defendant Indian Harbor is a foreign corporation actively engaged in the business of insurance in West Virginia, including in Cabell County, West Virginia.

3.    Defendant Neptune is a foreign corporation actively engaged in the business of insurance in West Virginia, including in Cabell County, West Virginia.

4.     Defendant Peninsula is a foreign corporation actively engaged in the business of insurance in West Virginia, including in Cabell County, West Virginia.

5.     At all relevant times, the Defendants were engaged in the business of insurance as defined in the West Virginia Unfair Trade Practices Act, W.Va. Code §33-11-2, et seq.

6.     This Court has jurisdiction and venue over this matter because the loss giving rise to this Complaint occurred in Cabell County, West Virginia, and the amount in controversy is in excess of the jurisdictional limit of this Court.

7.     At all relevant times, Defendant Indian Harbor had in force and effect a private flood insurance policy issued to Plaintiff, insuring Plaintiff's property at 1448 Washington Blvd, Huntington, West Virginia, under Policy No. ASR3027275(the "Policy").

8.     On or about May 6, 2022, a major flood event ("Flood") occurred in the area of the Plaintiff's Property which severely damaged the Property.

9.     As a direct and proximate result of the Flood, the Plaintiff sustained significant damages to his Property, as well as damages for the cost of removing the resulting debris.

## Count I - Declaratory Judgment/Breach of Contract
## (Indian Harbor)

10.    Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 9 of this Complaint, as though fully restated and made a part of Count I of this Complaint.

11.    At the time of the Flood, the Plaintiff's home and property were insured under the Policy, which provided coverage for flood damage to the Plaintiff's Property.

12.    The Policy obligated Defendant Indian Harbor to pay the Plaintiff the full cost to repair his Property for damages resulting from the Flood.

13.    Following the Flood on or about May 6, 2022, the Plaintiff timely notified Defendants Indian Harbor and Neptune of the damage to his property resulting from the Flood and presented a claim under the Policy, which was identified as Claim No. 953551 and was handled by Defendants Indian Harbor, Neptune and Peninsula.

14.    Plaintiff, at all relevant times, paid the premiums due and otherwise complied with the terms and conditions of the Policy.

15.    Under the terms of the Policy, Plaintiff's home qualified for replacement cost coverage.

16.    Defendants Indian Harbor, Neptune and Peninsula failed to assist the Plaintiff in completing his claim and failed to offer and pay the Plaintiff the full amount of the damages to Plaintiff's Property resulting from the Flood.

17.    On April 13, 2021, Defendants Indian Harbor, Neptune and Peninsula, through Sherri Wynter, an employee of Defendant Peninsula, advised the Plaintiff that Defendant Indian Harbor would pay for only a portion of his damages and would be taking a deduction for depreciation in connection with payment for the necessary repair and/or replacement of the Plaintiff's real property, thereby refusing to pay the Plaintiff for the full amount of the damages to his Property caused by the Flood.

18.    Because the Flood and the resulting damage to the Plaintiff's property was a covered cause of loss, Defendant Indian Harbor was obligated to promptly investigate the Plaintiff's claims and to pay the insurance benefits for the full cost of repairing and/or replacing the Plaintiff's real property, and to do so without any deduction for depreciation.

19.    Defendant Indian Harbor's refusal to provide necessary first-party assistance to the Plaintiff and its refusal to pay the Plaintiff applicable insurance benefits, without imposing an

unlawful deduction for depreciation, constitute a breach of the Policy, which has proximately caused the Plaintiff to incur continuing economic and non-economic damages.

20.    As a direct and proximate result of Defendant Indian Harbor's breach of the Policy, the Plaintiff is entitled to recover compensatory damages from Defendant Indian Harbor for his net economic loss, attorney fees, and consequential damages.

21.    Upon information and belief, when other Indian Harbor insureds in West Virginia have made claims for damage to their insured real property, similar to the claim of Plaintiff herein, Defendant Indian Harbor has applied an unlawful deduction for depreciation in connection with the loss and/or repairs to their real property.

**Count II - Allegations under Rule 23 of
the West Virginia Rules Of Civil Procedure
(Indian Harbor)**

22.    Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 21 of this Complaint, as though fully restated and made a part of Count II of this Complaint.

23.    Plaintiff brings this action on behalf of herself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other similarly situated insureds, as representative of the following class (hereinafter referred to as the Class):

Any person or entity:

1.    Who is or was insured under an Indian Harbor policy or policies covering real property located in West Virginia at any time from March 1, 2011 to the present;

2.    Who, on or after March 1, 2011, suffered a covered cause of loss for damage to their insured real property while insured under an insurance policy issued by Indian Harbor;

3.    Who received an offer or payment from or on behalf of Indian Harbor for the cost of repairing and/or replacing the

damage to their real property which reflected a deduction for depreciation in connection with the cost of repairing and/or replacing the real property; and

4.      Who has not already reached a settlement with Indian Harbor regarding their claims resulting from Indian Harbor's improper withholding of depreciation in connection with a real property claim.

24.      On behalf of the Class, the Plaintiff, pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeks class certification of the claim in Count I of this Complaint, which seeks damages from Defendant Indian Harbor for the full cost of repairing or replacing the damage to the real property of the Class without deduction for depreciation.

25.      Furthermore, on behalf of the Class, the Plaintiff, pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeks class certification of the claim in Count I of this Complaint, which seeks recovery of the damages sustained by the Class due to Defendants Indian Harbor's breach of contract.

26.      Plaintiff seeks a class determination of the disputed issue regarding Defendant Indian Harbor's obligation to offer and pay insurance benefits for the full cost of repairing and/or replacing damage to their real property, without deduction for depreciation, and a determination of the economic loss sustained by the Class as a proximate result of Defendant Indian Harbor's deductions for depreciation.

27.      While the Plaintiff does not presently possess information sufficient to identify the exact size of the Class, Plaintiff reasonably believes the total size is sufficiently numerous that joinder of all members would be impracticable.

28.      The claims of the Plaintiff are typical of the claims of the Class, and the Plaintiff will fairly and adequately protect the interests of the Class.

29.    The Plaintiff has no conflict with any other Class member and has retained competent counsel experienced in insurance and tort litigation.

30.    Defendant Indian Harbor has, upon information and belief, acted or refused to act on grounds generally applicable to the Class, thereby making relief with respect to the Class as a whole appropriate.

31.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant or adjudications with respect to individual members of the Class and which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or which would substantially impair or impede their ability to protect their interests.

32.    Common questions of law and fact exist, including:

a.    The relevant contractual and legal duties which Defendant Indian Harbor owes to the Plaintiff and the Class relative to the validity of Defendant Indian Harbor's deductions for depreciation in connection with claims for damage to real property in West Virginia;

b.    Whether Defendant Indian Harbor breached contractual and legal duties owed to Plaintiff and the Class through the deductions for depreciation in connection with the cost of repairing or replacing real property in West Virginia; and

c.    Whether the Class is entitled to damages arising from Defendant Indian Harbor's deductions for depreciation in connection with the cost of repairing or replacing real property in West Virginia.

33.    The aforementioned questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members.

34.    Class action treatment is a superior method for the fair and efficient adjudication of the controversy described herein, and a Class action provides the most efficient method for the enforcement of the rights of the Plaintiff, the Class members, and Defendant Indian Harbor.

35.    The Plaintiff knows of no unusual problems of management and notice with respect to the Class.

36.    The Plaintiff believes the total size of the Class is sufficiently numerous that joinder of all members would be impracticable.

37.    The claims raised against Defendant Indian Harbor concerning their deductions for depreciation in connection with the cost of repairing and/or replacing real property are typical of the claims of the Class such that the Plaintiff will fairly and adequately protect the interests of the Class.

**Count III- Common-law "Bad Faith"**
**(Indian Harbor)**

38.    Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 37 of this Complaint, as though fully restated and made a part of Count III of this Complaint.

39.    Through their actions described herein and their refusal to properly pay Plaintiff's claims, Defendant Indian Harbor breached its common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common-law bad faith," as recognized in the case of *Hayseeds v. State Farm Fire and Cas. Co.*, 352 S.E.2d 73 (W.Va. 1986).

40.    As a direct and proximate result of Defendant Indian Harbor's "bad faith" and its breach of their common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Indian Harbor his economic and non-economic damages, including attorneys fees, costs, and damages for annoyance and inconvenience, as permitted under *Hayseeds*.

41.    From their initial notification of the Plaintiff's claims, Defendant Indian Harbor has acted maliciously, willfully, and intentionally, predetermined to refuse and/or delay full and proper payment of Plaintiff's claim.

42.    Defendant Indian Harbor's deliberate, malicious and intentional acts toward the Plaintiff have proximately caused continuing economic and non-economic damages to the Plaintiff, all of which warrant and command an award of punitive damages, as permitted under *Hayseeds.*

## Count IV- Unfair Trade Practices
## (All Defendants)

43.    Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 42 of this Complaint, as though fully restated and made a part of Count IV of this Complaint.

44.    Defendants were provided with reasonable notice of Plaintiff's claims for the damage to his home caused by the Flood and had adequate time to investigate any coverage and liability issues.

45.    At all times relevant herein, Defendants misrepresented pertinent and material facts with regard to the availability and amount of insurance coverage at issue, in direct violation of W. Va. Code § 33-11-4(9)(a). In particular, Defendants knowingly and intentionally misrepresented the terms of the Policy and Defendants' right to depreciate the cost of repairing and/or replacing the Plaintiff's real property.

46.    At all times relevant herein, Defendants failed to adopt and/or implement reasonable standards for the prompt investigation of Plaintiff's claim arising under the Policy, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(c).  In particular, Defendants failed to implement standards which would have prevented Defendants from applying depreciation to

the cost to repair and/or replace the Plaintiff's real property, in violation of West Virginia law and the express terms of the Policy.

47.    At all times relevant herein, Defendants delayed full and proper payment of Plaintiff's claims and failed to conduct a prompt and reasonable investigation based upon all available information, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(d).  In particular, Defendants refused to pay the full cost of repairing and/or replacing the Plaintiff's real property and also improperly applied depreciation, despite its own investigation determining that depreciation was inapplicable under the terms of the Policy.

48.    At all times relevant herein, Defendants did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, despite the fact that Defendant Indian Harbor's liability under the Policy was reasonably clear, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(f).  In particular, Defendants refused to pay the full cost of repairing and/or replacing the Plaintiff's real property and also improperly applied depreciation, despite knowledge that depreciation was inapplicable under the terms of the Policy and under West Virginia law.

49.    Defendants compelled the Plaintiff to institute this litigation in order to recover the full amount of the insurance coverage benefits due and payable under the Policy, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(g).

50.    At all times relevant herein, Defendants failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for their refusal to pay the subject insurance benefits, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(n).  In particular, Defendants failed to explain the basis in the Policy for their refusal to pay

the full cost of repairing and/or replacing the Plaintiff's real property or for their unlawful application of depreciation to the cost of repairing and/or replacing Plaintiff's real property.

51.     At all times relevant herein, Defendants failed to promptly conduct and diligently pursue a thorough, fair and objective investigation of Plaintiff's claim, and unreasonably delayed the resolution of the claim, and this constitutes a direct violation of West Virginia Code of State Regulations (C.S.R.) §114.

52.     The conduct of Defendants is part of a general business practice and constitutes unfair claims settlement practices under West Virginia law, and specifically the provisions of W. Va. Code §33-11-4(9).

53.     As a direct and proximate result of the Defendants' violations of W. Va. Code §33-11-4(9) as outlined above, the Plaintiff has been deprived of the full insurance benefits due and owing under the Policy, and he has sustained other economic and non-economic damages, as well as the costs incurred in pursuing this action, attorneys fees, annoyance and inconvenience, and other general damages.

54.     From their receipt of the initial notification of Plaintiff's claims, Defendants acted maliciously, willfully and intentionally, predetermined to delay and refuse proper and full payment of Plaintiff's claims, in violation of W. Va. Code §33-11-4(9).

55.     At all times relevant herein, Defendants acted with the deliberate, willful and malicious intent to injure and damage the Plaintiff in violation of West Virginia law, all of which has proximately caused and is continuing to cause economic and non-economic damages to the Plaintiff and which warrants and commands an award of punitive damages.

56.     Defendants' violations of the Unfair Trade Practices Act have been committed with such frequency as to constitute the Defendants' general business practice of violating the Act.

57.     Under the legal precedent established in *Jenkins v. JC Penney Cas. Ins. Co.* 280 S.E.2d 252 (W. Va. 1981)**,** and *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W. Va. 1996), this Court has jurisdiction over this private cause of action for the unfair claims settlement practices of Defendants and the Plaintiff is entitled to an award of damages for legal fees and costs, net economic losses, annoyance and inconvenience, general damages, and punitive damages pursuant to said cause of action.

**WHEREFORE**, the Plaintiff, individually and on behalf of all similarly situated insureds, demands judgment as follows:

a)     A declaratory judgment, that under applicable West Virginia law, Defendant Indian Harbor is obligated to pay insurance benefits to the Plaintiff and the Class for the reasonable cost of repairing and/or replacing damage to real property, without deduction for depreciation, pursuant to the Declaratory Judgments Act found at W. Va. Code §55-13-1, et seq.;

b)     An award of compensatory damages against Defendant Indian Harbor, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the contractual sums due the Plaintiff under the Policy, plus the attorneys fees, costs, net economic losses, consequential damages, and general damages the Plaintiff sustained as a result of Defendant Indian Harbor's breach of the insurance contract;

c)     An award of compensatory damages against Defendant Indian Harbor, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the contractual sums due the members of the Class as a result of Defendant Indian Harbor's improper application of depreciation to the cost of repairing and/or replacing damage to their real property, plus the attorneys fees, costs, interest and net economic loss incurred as a result of the Defendant Indian Harbor's improper application of depreciation to the cost of repairing and/or replacing damages to the real property of the Class;

d)     Compensatory and punitive damages against Defendant Indian Harbor in connection with its common law bad faith and its breach of the covenant of good faith and fair dealing to the Plaintiff;

e)     Compensatory and punitive damages against all Defendants for their violations of the Unfair Trade Practices Act as a general business practice in connection with their handling of the Plaintiff's claim;

f)      Pre-judgment and post-judgment interest, and the attorney's fees and expenses incurred in pursuing this action; and

g)      Such further and additional relief as the Court may deem just and proper.

**PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INSUREDS, DEMANDS A TRIAL BY JURY ON ALL COUNTS OF HIS COMPLAINT.**

**GARY MORRISON, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INSUREDS**

**By counsel,**

/s/ *Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6066)
Anthony E. Nortz (WVSB #12944)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV   25329
*Phone:* (304) 345-5200
*Fax:*  (304) 345-5265
***Counsel for Plaintiff***