IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY MORRISON, individually
and on behalf of all similarly situated insureds,

Plaintiff,

v.                                         CIVIL ACTION NO.   3:23-0451

INDIAN HARBOR INSURANCE COMPANY,
NEPTUNE FLOOD INCORPORATED,
PENINSULA INSURANCE BUREAU, INC., and
SHERRI WYNTER,

Defendants.

**MEMORANDUM OPINION AND ORDER**

On June 23, 2023, Plaintiff Garry Morrison filed a Complaint against Defendants Indian Harbor Insurance Company ("Indian Harbor"), Neptune Flood Incorporated ("Neptune"), Peninsula Insurance Bureau, Inc. ("Peninsula"), and Sherri Wynter. On July 26, 2023, Defendants Indian Harbor and Peninsula filed a Motion to Dismiss. ECF No. 10. Neptune filed its own Motion to Dismiss on July 31, 2023 (ECF No. 18), and Ms. Wynter filed a Motion to Dismiss on August 17, 2023. ECF No. 28. Fourteen days after the first Motion to Dismiss was filed, Plaintiff filed a Motion for Leave to File Amended Complaint on August 9, 2023. ECF No. 24. All Defendants oppose Plaintiff's motion on grounds of futility.

The Fourth Circuit addressed the issues raised by the parties squarely in *Scinto v. Stansberry*, 507 Fed.Appx. 311 (4th Cir. 2013). In *Scinto*, the Fourth Circuit observed that Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a plaintiff to amend a "complaint once

as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f)." *Id*. In applying this Rule to the facts before it, the Fourth Circuit found the district court had abused its discretion in denying a motion to amend that was timely filed under Rule 15(a)(1)(B). *Id.* at 312. Although the plaintiff had filed a "motion to amend," the Fourth Circuit stated he "had the right to amend his complaint as a matter of course and without leave of court[.]" *Id*. Additionally, the Fourth Circuit held that "'the doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.'" *Id*. at (quoting *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010)).

In this case, Plaintiff filed his Motion to Amend within the 21-day period provided under Rule 15(a)(1)(B). Although Defendants argue the motion is futile, Plaintiff's right to amend is absolute. Therefore, the Court **GRANTS** Plaintiff's Motion to Amend. Additionally, as the Amended Complaint supersedes the original Complaint and the pending Motions to Dismiss all relate to the original Complaint, the Court **DENIES WITHOUT PREJUDICE** the pending Motions to Dismiss. ECF Nos. 10, 18, 28. *See Moore v. Kagler*, Civ. Act. No. 5:14-CV-33, 2014 WL 12596540, at **1-2 (N.D. W. Va. June 12, 2014) (granting motion to amend as a matter of right and denying without prejudice the pending motions to dismiss).[1]

---

[1] Neptune also posits that, if Plaintiff brought this action against it to obtain its claims file through discovery, the action against it is made in bad faith. At this point, the Court declines to speculate as to the possible motivation of Plaintiff in naming Neptune as a Defendant.

-3-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 9, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE