IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY MORRISON, individually
and on behalf of all similarly situated insureds,

Plaintiff,

v.    CIVIL ACTION NO.   3:23-0451

INDIAN HARBOR INSURANCE COMPANY and
PENINSULA INSURANCE BUREAU, INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Protective Order and Stay of Class Discovery by Defendants Indian Harbor Insurance Company and Peninsula Insurance Bureau, Inc. ECF No. 99. Plaintiff Gary Morrison opposes the motion. For the following reasons, the motion **IS GRANTED**.

This putative class action is premised on Plaintiff's allegations that Defendants wrongfully failed to pay him full replacement cost under a flood insurance policy. On July 1, 2024, the Court entered a Memorandum Opinion and Order denying Defendants' Motions to Dismiss Plaintiff's Amended Complaint and permitted Plaintiff to file a Second Amended Complaint to add more specific allegations to support his Unfair Trade Practice Act (UTPA) claim. *Morrison v. Indian Harbor Ins. Co.*, Civ. Act. No. 3:23-0451, 2024 WL 3258213, **8-9 (July 1, 2024). On July 15, 2024, Plaintiff filed a Second Amended Complaint, in which he alleges claims for "Declaratory Judgment/Breach of Contract" against Defendant Indian Harbor (Count I),

"Allegations under Rule 23 of the West Virginia Rules of Civil Procedure" against Defendant Indian Harbor (Count II), "Common Law Bad Faith" against Defendant Indian Harbor (Count III), and "Unfair Trade Practices" against both Defendants (Count IV). ECF No. 53.

In the July 1, 2024 ruling, the Court held that the policy language at issue "permits Indian Harbor to pay an insured actual cash value until repairs, replacement, and reinstatements are effected. Additionally, the policy provides that an insured who is paid actual cash value has 180 days after the date of loss to present a claim to recover the depreciated amount." *Morrison*, 2024 WL 3258213, at *4. The Court could not determine, however, whether Plaintiff was entitled to replacement value as the Court did not know "what Plaintiff told Defendants about his damages, whether he submitted any evidence of cost of repair, or what misleading information he believes he was given." *Id*. at *5. The Court concluded those factual issues are best fleshed out through discovery and declined to dismiss Plaintiff's "Declaratory Judgment/Breach of Contract" claim. *Id.* As the breach of contract claim was not dismissed, the Court also denied the motion with respect to dismissing Plaintiff's common law bad faith claim and his UTPA claim. *Id*.[1]

Since that time, Defendants assert the evidence produced in discovery establishes that Plaintiff was properly paid on an actual cash value basis. Defendants argue the evidence necessary to resolve Plaintiff's case is fact specific to his situation and establishes a non-viable stand-alone action. Therefore, Defendants assert this case cannot serve as the basis for a class

---

[1] The Court's Memorandum Opinion and Order also discussed Plaintiff's claims against Defendant Neptune Flood Incorporated, but Plaintiff and Neptune Flood Incorporated subsequently entered a Joint Stipulation of Dismissal and Order. *Id*. at **6-8; *Joint Stipulation of Dismissal and Order*, ECF No. 98.

action and the Court should grant Defendants a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to shield them from unnecessary, irrelevant, and burdensome class discovery.

Rule 26(c) provides, in part: "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c), in part. The "party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2003) (footnote omitted)). To allow sufficient, yet reasonable, discovery, district courts have "substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Although demonstrating "good cause" is a high bar under Rule 26(c),[2] the Court finds Defendants have met that burden under the facts of this case. Plaintiff correctly points out that the Court did not limit discovery when it ruled on Defendants' Motions to Dismiss Plaintiff's Amended Complaint, and the Court recognizes that the Magistrate Judge accurately acknowledged the same in a recent decision allowing certain discovery to proceed. *Morrison v. Indian Harbor Ins. Co.*, Civ. Act. No. 3:23-00451, 2025 WL 973944, *7 (S.D. W. Va. Mar. 31, 2025) (stating "[t]he Court's July 1, 2024 Order specifically denied the motions to dismiss which were filed by

---

[2]*See Westfield Ins. Co. v. Sistersville Tank Works, Inc.,* Civ. Act. No. 5:18-100, 2019 WL 13547783, at *1 (N.D. W. Va. July 25, 2019) (stating "the good cause requirement presents a high hurdle for proponents") (internal quotation marks and citation omitted)).

Defendants Indian Harbor and Peninsula, as well as Defendant Neptune Flood, Inc., and the Court did not dismiss a single claim. Thus, that Order does not render discovery as to any issue irrelevant or moot"). However, now that Defendants have expressly moved for a protective order and stay of class discovery based on evidence that was not available to the Court when it made its earlier ruling, the Court finds that a stay is appropriate until discovery on Plaintiff's individual claims is complete and any dispositive motions following that discovery are resolved.

Additionally, the Court has reviewed the Magistrate Judge's recent discovery decisions entered on March 31, 2025 and April 8, 2025,[3] and specifically rules that this decision staying any new attempts to obtain additional class discovery should not be interpreted as restricting or impairing any of the discovery rulings previously made by the Magistrate Judge. The parties are expected to fully comply with those decisions. Furthermore, by staying any additional discovery on the class claim, the Court makes clear that it is not expressing any opinion as to the merits of Plaintiff's individual claims.[4] It merely finds that Defendants should not be required to produce additional burdensome class discovery until the parties have the opportunity to more fully litigate Plaintiff's individual claims.

Accordingly, the Court **GRANTS** Defendants' Motion for a Protective Order and to Stay Class Discovery, but the parties can proceed with discovery of Plaintiff's individual claims.

---

[3]*See id.* and *Mem. Op. and Order*, ECF No. 132.

[4]In making this ruling, the Court has not put any weight on Plaintiff's counsel's statements to defense counsel that he doubted a class could be certified. The Court also finds it is unnecessary to determine whether the discovery produced in another case in which Plaintiff's counsel represents a different client is sufficient to satisfy the discovery requests in this case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 9, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE