# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**GARY MORRISON,**
**Individually and on behalf of all**
**similarly situated insureds,**

       **Plaintiff,**　　　　　　　　　　**Civil Action No. 3:23-cv-00451**

**v.**

**INDIAN HARBOR INSURANCE COMPANY,**
**and PENINSULA INSURANCE BUREAU, INC.**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Protective Order or Stay of Corporate Depositions. (ECF No. 140). The Court previously granted, in part, Plaintiff's Motion to Compel Defendants to designate and produce Fed. R. Civ. P. 30(b)(6) witnesses for deposition. (ECF No. 122). Defendants designated Tim O'Brien ("O'Brien") to testify regarding certain topics ordered. (ECF No. 140-3). Plaintiff noticed O'Brien's deposition for April 14, 2025. (ECF Nos. 130, 131). However, on April 11, 2025, Plaintiff rescheduled O'Brien's deposition to May 1, 2025. (ECF Nos. 135, 136). Per the Scheduling Order in this case, the parties shall complete all depositions by April 14, 2025. (ECF No. 60). Therefore, Plaintiff noticed the deposition to take place outside of the discovery period.

Defendants object to the fact that Plaintiff unilaterally scheduled, canceled, and rescheduled O'Brien's deposition without their consent. (ECF No. 140 at 1). They acknowledge that they agreed to another deposition, which will take place on April 28,

2025, and likewise falls outside of the discovery period. However, Defendants seek a protective order shielding O'Brien's deposition because it was noticed outside of the discovery period without agreement. (*Id.* at 2).

Although not directly on point, this Court previously granted a Motion for Protective Order precluding a Rule 30(b)(6) deposition due to the expiration of the discovery deadline. *Carlton & Harris Chiropractic Inc. v. PDR Network, LLC*, No. 3:15-CV-14887, 2024 WL 1838960, at *1 (S.D.W. Va. Apr. 26, 2024). Similar to that case, Plaintiff simply waited too late in the discovery process to notice O'Brien's Rule 30(b)(6) deposition. *Id.* at 1. In *Carlton & Harris Chiropractic Inc.*, the deposition was noticed within the discovery period, but it was scheduled so late in the process that the discovery deadline expired before the motion for protective order could even be fully briefed. Even more egregiously, Plaintiff herein scheduled the deposition after the discovery deadline without consent of opposing counsel or leave of Court. Plaintiff has not moved to extend the discovery deadline, much less has the presiding District Judge granted such extension. Thus, O'Brien's deposition cannot go forward on May 1, 2025. Defendants' Motion for Protective Order is **GRANTED** insofar as Defendants seek to preclude O'Brien's deposition.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: April 22, 2025



_____
Joseph K. Reeder
United States Magistrate Judge