IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY MORRISON, individually
and on behalf of all similarly situated insureds,

    Plaintiff,

v.                              CIVIL ACTION NO.   3:23-0451

INDIAN HARBOR INSURANCE COMPANY and
PENINSULA INSURANCE BUREAU, INC.,

    Defendants.

## ORDER

Pending before the Court is "Plaintiff's Objections to April 22, 2025 Order Granting Defendants' Motion for Protective Order and Corresponding Motion to Briefly Extend Discovery Deadline to Permit Plaintiff to Complete Deposition of the Defendants' Designated Corporate Representative Tim O'Brien and to File Dispositive Motions." ECF No. 142. Defendants Indian Harbor Insurance Company and Peninsula Insurance Bureau, Inc. responded in opposition. Upon consideration, the Court **DENIES** the objections and corresponding motion.

On March 31, 2025, the Honorable Joseph K. Reeder, Magistrate Judge, ordered Defendants to designate witnesses by April 7, 2025, who could testify to certain topics and make those witnesses available for deposition. ECF No. 122. Peninsula Insurance Bureau, Inc. designated Tim O'Brien as its corporate representative, and Plaintiff noticed him for a deposition on April 14, 2025, to be continued on April 28, 2025, until completed. ECF Nos. 130, 131. Defendant Indian Harbor Insurance Company also designated a corporate representative, and

Plaintiff noticed her for deposition on April 28. Pursuant to this Court's Scheduling Order, the last day to complete depositions was April 14, 2025.

On April 11, 2025, Plaintiff filed a Second Amended Notice of 30(b)(6) Deposition(s) of Tim O'Brien. ECF Nos. 135, 136. In his Second Amended Notice, Plaintiff rescheduled Mr. O'Brien's deposition to May 1, 2025, without the consent of Defendants or permission of the Court. Consequently, on April 21, 2025, Defendants moved for a protective order. ECF No. 140.

In their motion, Defendants assert Plaintiff unilaterally noticed Mr. O'Brien's deposition for April 14, 2025, and Indian Harbor Insurance Company's representative's deposition for April 28, 2025. Although set solely by Plaintiff, Defendants state they cooperated and agreed to these dates despite the fact that the Indian Harbor Insurance Company's representative's deposition was set outside the deadline established in the Scheduling Order. However, just three days before Mr. O'Brien's deposition was to occur, Plaintiff unilaterally cancelled the deposition and rescheduled it for May 1, 2025. This time Defendants sought a protective order. At the very least, Defendants argued that Mr. O'Brien's deposition should be delayed until after their dispositive motion is resolved as his testimony would not have any bearing on that motion and, if Defendants' motion is successful, it would make his deposition unnecessary.[1]

---

[1] The dispositive motion deadline was set for May 5, 2025. Both Defendants and Plaintiff timely filed motions for summary judgment on the deadline.

Upon consideration, the Magistrate Judge granted the protective order. In his decision, the Magistrate Judge found Plaintiff "simply waited too late in the discovery process to notice O'Brien's Rule 30(b)(6) deposition." *Mem. Op. and Order*, at 2 (citation omitted), ECF No. 141. "Even more egregiously, Plaintiff herein scheduled the deposition after the discovery deadline without consent of opposing counsel or leave of Court." *Id.* In his objections, Plaintiff argues this Court should overrule the Magistrate Judge's decision, extend the discovery deadline, and permit Plaintiff to take the deposition of Mr. O'Brien.

As this Court recently stated in *Spurlock v. Wexford Health Sources, Inc.*, Civ. Act. No. 3:23-0476, 2025 WL 451688 (S.D. W. Va. Feb. 10, 2025), "Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders." 2025 WL 451688, at *1 (citing Fed. R. Civ. P. 72(a)). Pursuant to the rule, "[a] district court may modify or set aside any portion of the decision if it is "'clearly erroneous or is contrary to law.'" *Id.* (quoting Rule 72(a)). Thus, the Court will affirm findings of fact "'unless [the court's] review of the entire record leaves [the court] with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985)). "When . . . review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *Robinson v. Quicken Loans Inc.*, Civ. Act. No. 3:12-0981, 2013 WL 1704839, at *3 (S.D. W. Va. Apr. 19, 2013) (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010) (some internal quotation marks omitted)).

In his motion, Plaintiff states that the Magistrate Judge did not give him an opportunity to respond before the decision was issued. If he was given the opportunity to do so, he would have demonstrated that he had been trying to schedule a deposition of Defendants' corporate representatives since November of 2024, but he was forced to file multiple motions to compel. Eventually, Defendants were ordered to produce its witnesses on or before April 7, 2025, just a week prior to the close of discovery. Plaintiff further states he cancelled and rescheduled Mr. O'Brien's deposition for April 14 because he was awaiting supplemental discovery relevant to Mr. O'Brien's deposition that was due on the same day as the deposition. Additionally, Defendants told Plaintiff they would not agree to a second deposition. Plaintiff argues the Magistrate Judge's decision is clearly erroneous and contrary to law because it did not take these factors into consideration.[2]

The problem with Plaintiff's argument, as recognized by the Magistrate Judge, is that he unilaterally cancelled and rescheduled the deposition outside the deadline in this Court's Scheduling Order without the consent of opposing counsel or permissionof the Court. The Magistrate Judge issued a Memorandum Opinion and Order on April 8, 2025, directing Defendants to provide supplemental responses by April 14. Thus, Plaintiff knew he may not have the supplemental discovery until the day of Mr. O'Brien's deposition. As Plaintiff apparently was unable to get Defendants' consent, it was incumbent upon him to timely move the Court for an extension of time.[3] Instead, Plaintiff unilaterally cancelled and rescheduled the deposition outside

---

[2]In their opposition, Defendants claim they offered Mr. O'Brien for deposition in February and March, but Plaintiff refused to entertain those dates.

[3]Plaintiff's counsel asserts he sent a letter to defense counsel stating it would be necessary to move the deposition and amend the Scheduling Order. However, Plaintiff states Defendants did

the deadline set in the Scheduling Order. Under these circumstances, the Court finds the Magistrate Judge's decision to grant the protective order is not clearly erroneous or contrary to law. Accordingly, the Court **DENIES** Plaintiff's objections and his untimely motion to extend the discovery deadline so that he now may depose Mr. O'Brien.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Honorable Joseph K. Reeder, to counsel of record, and any unrepresented parties.

ENTER:   May 19, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

not respond and, instead, filed for a protective order without first conferring with Plaintiff's counsel in violation of the Rules of Civil Procedure. Although the Court agrees that the parties should have conferred and attempted to resolve the issue, a lack of a response by Defendants did not give Plaintiff the power to unilaterally schedule the deposition beyond the deadlines set by the Court. At that point, the authority rested with the Court to extend the deadline.