IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY MORRISON, individually
and on behalf of all similarly situated insureds,

    Plaintiff,

v.                                               CIVIL ACTION NO.   3:23-0451

INDIAN HARBOR INSURANCE COMPANY and
PENINSULA INSURANCE BUREAU, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants Indian Harbor Insurance Company and Peninsula Insurance Bureau, Inc.'s Rule 54(b) Motion for Reconsideration (ECF No. 192) and Motion for Leave to File Supplemental Motion for Summary Judgment. ECF No. 194. Plaintiff Gary Morrison opposes both motions and has filed a motion to have them stricken. ECF No. 199. Upon consideration of the parties' arguments, the Court **GRANTS** Plaintiff's motion and **STRIKES** and **DENIES AS MOOT** Defendants' motions.

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

The underlying dispute in this case involves whether Defendants wrongfully paid Plaintiff Actual Cash Value rather than full Replacement Cost Value under a flood insurance policy. On September 4, 2024, this Court entered a Scheduling Order directing that discovery be completed by April 14, 2025, and that all dispositive motions be filed by May 5, 2025. *Sched. Order*, at 2, ECF No. 60. On the May 5 deadline, Defendants filed a Motion for Summary Judgment (ECF No.

144) and Plaintiff filed a Motion for Partial Summary Judgment. ECF No. 146. However, when the motions were filed, the parties remained engaged in discovery disputes.

As relevant to this case, on April 30, 2025, Defendant Indian Harbor Insurance Company filed a Motion to Compel Plaintiff to file a response to its Interrogatory No. 1, which asked Plaintiff to state how much he spent to repair and replace the damage caused by the flood if such amount exceeded the Actual Cash Value of $32,921.06. *Def. Indian Harbor Ins. Co.'s Motion to Compel Disc. Resp. from Pl.*, at 6, ECF No. 143. Following briefing, the Honorable Joseph K. Reeder, Magistrate Judge, issued a Memorandum Opinion and Order on June 5, 2025, directing Plaintiff to supplement his prior response within seven days. *Morrison v. Indian Harbor Ins. Co.*, Civ. Act. No. 3:23-00451, 2025 WL 1592307, at *6 (S.D. W. Va. June 5, 2025). On June 12, 2025, counsel for Plaintiff filed a Certificate of Service stating that he emailed defense counsel a copy of his "Second Amended and Supplemental Answers to Defendant Indian Harbor Insurance Company's First Set of Interrogatories and Requests for Admission to Plaintiff." *Cert. of Serv.* (June 12, 2025), ECF No. 162. Unbeknownst to the Court, in his Second Amended and Supplemental Answers, Plaintiff "state[d] he expended $37,110.15 in repairing his property when considering the value of his time, resources, and cash spent." *Pl.'s Sec. Am. and Supp. Answers to Def. Indian Harbor Ins. Co.'s First Set of Interrog. and Requests for Admis. to Pl.*, at 3, ECF No. 194-24. Other than the Order setting the summary judgment motions for hearing in September, nothing—including Plaintiff's Second Amended and Supplemental Answers—was filed with the Court between the filing of the Certificate of Service and the hearing on September 8, 2025.

At the hearing, the Court entertained arguments on the parties' summary judgment motions, and the Court directly asked defense counsel whether either the insurance company or "the plaintiff ever determined the amount actually necessarily expended to replace the property[.]"

*Motion Hrg. Tr.*, at 13-14 (Sept. 8, 2025), ECF No. 179. Despite Plaintiff's Second Amended and Supplemental Answer, defense counsel agreed that the amount was not determined. *Id.* at 14. Two days after the hearing, Defendants filed a Motion for Leave to File Supplemental Briefing in Support of their Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment on the Coverage Issue. ECF No. 165. The Court granted the motion and allowed Plaintiff to file a Supplemental Response. *Order* (Sept. 11, 2025), ECF No. 166. After supplemental briefing was complete, the Court issued a Memorandum Opinion and Order on September 22, 2025, finding "no genuine issue of material fact as to the coverage issue and Plaintiff is entitled to full replacement cost under the clear and unambiguous language in the Endorsement and Policy issued to him by Defendant Indian Harbor," which was a difference of $4,548.12. *Morrison v. Indian Harbor Ins. Co.*, Civ. Act. No. 3:23-0451, 2025 WL 2697490, at *8 (S.D. W. Va. Sept. 22, 2025). Therefore, the Court granted Plaintiff's motion and denied Defendants' motion. *Id*. On September 29, 2025, the Court entered an Amended Scheduling Order, setting a trial for February 2, 2026.

Other than a Notice of Mediation, which proved unsuccessful, nothing was filed with the Court by either party from September 29 through December 22, 2025, when the parties began filing Certificates of Service for pretrial disclosures and Notices of Trial Subpoenas. Then, after business hours on Friday, January 9, 2026, Defendants filed their Motion for Reconsideration and Motion for Leave to File Supplemental Motion for Summary Judgment. In these motions, Defendants argue the Court should reconsider its decision on summary judgment and permit them to file a second Supplemental Motion for Summary Judgment based upon Plaintiff's June 12, 2025 Second Amended and Supplemental Answers in which he said he expended $37,110.15. Despite having his information for nearly seven months, Defendants assert they did not understand the

materiality of Plaintiff's statement until they began preparing for trial and, therefore, the Court should entertain their new arguments. *Mem. of Law in Opp. to Pl.'s Motion to Strike Def.'s 54(b) Motion for Recons. and Defs.' Motion for Leave to File Supp. Motion for Summ. J.*, at 3, ECF No. 206. The Court disagrees.

Pursuant to Rule 54(b), this Court has the power to modify an interlocutory judgment prior to a final judgment being entered on all Plaintiff's claims. *See* Fed. R. Civ. P. 54(b) (providing, in part, "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims"). "Although Rule 54(b) does not specify grounds for seeking reconsideration, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Howard v. W. Virginia Div. of Corr.*, No. 2:13-CV-11006, 2016 WL 1173152, at *5 (S.D. W. Va. Mar. 22, 2016) (citations omitted). Resolution of a Rule 54(b) motion is "committed to the discretion of the district court"[1] but such discretion "is not limitless." *Chavez-Deremer v. Med. Staffing of Am., LLC*, 147 F.4th 371, 414 (4th Cir. 2025) (recognizing a narrowing of Rule 59(b)'s "application to include (1) a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice" (internal quotation marks and citation omitted)).

Additionally, a Rule 54(b) motion cannot be used as "a 'vessel' for the losing party to submit evidence that it could have presented earlier." *Id.* (citation omitted). The Court's "challenged decision [must] be so dead wrong that it strike[s] . . . as wrong with the force of a five-

---

[1] *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citation omitted).

week-old, unrefrigerated dead fish." *Id*. (internal quotation marks and citations omitted). To put it differently, a Rule 54(b) motion does not give the challenging party another chance "'to present a better and more compelling argument that the party could have presented in the original briefs, or to introduce evidence that could have been addressed or presented previously.'" *Allen v. Walker*, No. 3:24-CV-00067, 2025 WL 3191602, at *3 (W.D. Va. Nov. 14, 2025) (quoting *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (cleaned up in *Allen*; citation omitted)).

     Here, Defendants argue the Court should grant their motions because of new evidence and to prevent manifest injustice. Although Plaintiff's calculation was disclosed after the summary judgment motions were filed, it was provided to Defendants nearly three months before the Court heard arguments on the motions, and Defendants never requested to supplement their briefs during that time period to include Plaintiff's calculation. In addition, Defendants admittedly never mentioned it during oral argument on the motion, nor did they mention it in the supplemental briefing the Court granted following oral argument. Indeed, Defendants concede that they did not realize it might be important until they began preparing for trial. The fact Defendants did not believe the evidence was important until now does not make such evidence "new," and it is not a basis for reconsidering the Court's earlier decision.

     Additionally, the Court finds Defendants have not shown a failure to reconsider its earlier decision will result in clear error or manifest injustice. Defendants possessed the evidence they now seek to interject prior to argument, supplemental briefing, and this Court ruling on summary judgment. They could have presented that evidence, but did not. Instead, Defendants attempt to place blame at the feet of Plaintiff for not disclosing such evidence before the summary judgment briefing deadline. Yet, Defendants admit they have had the evidence since June 12, 2025, but it

just recently dawned on them that they could use it to make a new argument. Giving Defendants new bites at the same apple, to make new arguments based on previously disclosed evidence, is not the purpose of Rule 54(b), and such evidence cannot be used as "a 'vessel' for the losing party to submit evidence that it could have presented earlier." *Chavez-Deremer*, 147 F.4th at 414 (citation omitted).

Moreover, the Court finds that Plaintiff's calculation of what he believes is the value of the replacements and repairs does not make this Court's summary judgment decision have "the force of a five-week-old, unrefrigerated dead fish" such that it constitutes clear error or manifest injustice. *Id*. (internal quotation marks and citations omitted). As stated in the Memorandum Opinion and Order, Plaintiff had a Replacement Cost Endorsement in effect at the time of the flood and Defendants determined a fair assessment of the Replacement Cost Value was $37,469.18. *Morrison*, Civ. Act. No. 3:23-0451, 2025 WL 2697490, at *1, 4. Plaintiff had completed all the repairs to the house before Defendants acted upon its own assessment and sent Plaintiff the proof of loss and a check, noting that Plaintiff must present evidence if he wanted to recover the depreciated value. *Id.* at *1. However, at that point, the work was complete, Defendants already calculated what they believed was a fair estimate of those repairs and replacements, and Plaintiff was entitled to that amount, minus his deductible. That, during this litigation, Plaintiff located his records and calculated his actual costs does not alter the Court's analysis. Therefore, the Court finds the decision is not clear error or manifestly unjust, and there are no grounds upon which to grant a Rule 54(b) motion or a reason to allow Defendants to file a second supplemental motion for summary judgment.[2]

---

[2]Given this decision, the Court finds it unnecessary to discuss the parties' futility argument.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike Defendants Indian Harbor Insurance Company and Peninsula Insurance Bureau, Inc.'s Rule 54(b) Motion for Reconsideration and Motion for Leave to File Supplemental Motion for Summary Judgment (ECF No. 199) and **STRIKES** and **DENIES AS MOOT** Defendants' motions. (ECF Nos. 192 and 194).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:        January 16, 2026

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE